### DECIDED IN THE

## Circuit Court of the District of Columbia

### FOR THE

## COUNTY OF WASHINGTON,

### OCTOBER TERM, 1845.

———◆———

HENRY STRATTON

*vs.*

McCLINTOCK YOUNG, ACTING SECRETARY OF THE TREASURY,
GARNISHEE OF GERRIS S. HAMMOND.

AT LAW. DECIDED NOVEMBER 26, 1845.

*Attachment on a Warrant. Attaching Credits of the Defendant
in the Treasury of the United States.*

1. The undivided interest of the defendant in a negotiable Treasury certificate issued in payment of an award can be attached in the hands of a garnishee.
2. Where a negotiable certificate is issued by a garnishee who is indebted to the defendant, the attachment becomes a lien on the amount of the certificate while in the hands of the original owner even before or after maturity.

CLEMENT COX, attorney for plaintiff.

JAMES HOBAN, attorney for garnishee.

The following warrant from H. Naylor, a Justice of the Peace for the County of Washington, was directed to Wm. Brent, Esquire, Clerk of the Circuit Court:

Whereas, Henry Stratton, of the County of La Fayette and State of Mississippi, on the 18th day of May, 1842, before James M. Howry, Esquire, Judge of the Eighth Judicial District of the State of Mississippi, made oath according to the act of the General Assembly of the State of Maryland in such case made and provided that Gerris S. Ham-

15

mond is *bona fide* indebted to him the said Henry Stratton in the sum of six hundred and nineteen dollars and thirty-three cents with interest until paid over and above all discounts;

And whereas the said Henry Stratton also then and there produced to the said Judge the account and notes by which the said Gerris S. Hammond is so indebted, and which are here annexed;

And whereas also the said Henry Stratton further then and there made oath as aforesaid that he is credibly informed and verily believes that the said Gerris S. Hammond is not a citizen of the District of Columbia and doth not reside therein; all of which appears under the hand and seal of the said James M. Howry and the certificate of Clairborn M. Phillips, Clerk of the Circuit Court of the County of La Fayette, State of Mississippi, under the public seal of said Court hereunto annexed;

These are therefore to require you to issue an attachment against the lands, tenements, goods and chattels and credits of the said Gerris S. Hammond situate and being in the County of Washington, to satisfy unto the said Henry Stratton the said debt or sum of six hundred and nineteen dollars and thirty-three cents, with interest until paid, over and above the cost of prosecuting this attachment, pursuant to the provisions of the Act of Assembly of Maryland entitled "A supplement to the Act entitled an Act directing the manner of issuing Attachments in this province, and limiting the extent of them."

An attachment was accordingly issued and served on the Chief Clerk of the Treasury Department, by whom service was acknowledged. The Register of the Treasury Department certified that there were issued in the names of Eli E. Hammond and Jarris S. Hammond on an award in their favor by the Commissioners appointed to carry into effect the Convention between the United States and Mexican Republic, certificates to the amount of $3,085.48.

The points raised were:

1st. Whether the defendant's undivided interest could be attached; and,

2d. Whether the issuing of a certificate, from the Treasury for the debt, if negotiable, would prejudice the attachment.

On the first point the following authorities were cited: Bingham on Executions, pp. 246, 247; 13 Law Library, 104; McElderry *vs.* Flanagan, 1 H. & Gill Report, 308; Evans' Maryland Practice, 2d edition, 471.

On the other point Mr. Cox cited Stewart *vs.* West, Garnishee of Jenners, 1 Harr. and John. Report, 536. This case was where the garnishee was indebted to the defendant by a promissory note, and an attachment is laid in his hands before such note is passed away by the defendant, whether it be before or after it is due it is a lien on the amount of the note.

Judgment of condemnation of Gerris S. Hammond's undivided interest in the joint credits of said Gerris S. and Eli E. Hammond in the Treasury to the amount claimed and costs.